**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

BRYAN WOODALL,

        Plaintiff(s),
   v.                                                                  **DECISION AND ORDER**
                                                                          08-CV-6228
CORRECTION OFFICER GARY PITCHARD,
CORRECTION OFFICER SEAN WHITE,
CORRECTION OFFICER JEFF HAZARD,
JOHN DOE, Correction Officer #1 and
JOHN DOE, Correction Officer #2,

        Defendant(s).

**Preliminary Statement**

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violations of her[1] Eighth and Fourteenth Amendment rights.  See Amended Complaint (Docket # 23).  Plaintiff alleges that, *inter alia*, defendants subjected her to excessive force amounting to cruel and unusual punishment.  Id.  Currently pending before the Court is defendants' motion to compel.  (Docket # 48).

**Factual Background**

With the instant motion, defendants seek to compel plaintiff to provide a release authorizing the disclosure of all records of medical treatment for mental illness, disorders and emotional conditions.  (Docket # 48).  Defendants seek these records on

---

[1] Plaintiff identifies herself as a transgender woman. Accordingly, the Court will address plaintiff as a woman throughout this Decision.

grounds that plaintiff put her mental health at issue in the instant action by claiming psychological and emotional trauma and, as a result, has waived the right to assert that her mental health records are privileged.  In response to defendants' motion, plaintiff asserted that she would provide an executed HIPAA release authorizing access to her records for "mental health, psychological, and emotional, psychiatric, and psychological conditions, including treatment for post traumatic stress disorder" but objected to and refused to authorize the release and disclosure "of information relating to sexually transmitted diseases, AIDS or HIV, or information about treatment for alcohol or drug abuse." See Docket # 51.

On June 30, 2011, the Court held a hearing and arguments were heard from the parties.  During the hearing, plaintiff's counsel, Anthony Cecutti, Esq., advised the Court that he had not yet reviewed plaintiff's medical records and was not aware if they contained information regarding sexually transmitted diseases ("STDs"), AIDS or HIV or information regarding alcohol and drug abuse treatment.  The Court ordered plaintiff's counsel to obtain plaintiff's records to review them to determine whether any such information about STDs, HIV or AIDS existed.  The Court directed Attorney Cecutti to file an affidavit with the Court within two weeks (by July 14, 2011) to advise whether there was in fact an issue surrounding plaintiff's records – *i.e.* whether they contained

information about STDs, HIV or AIDS, which would require further argument to determine whether the records should be disclosed. On August 1, 2011 and September 2, 2011, the Court granted plaintiff's requests for extensions of time to comply with the Court's directions during the June 30th hearing, and ultimately extended the time to obtain and review plaintiff's medical records and to submit an affidavit to the Court to October 2, 2011.  See Dockets ## 57, 63.  By Order dated November 10, 2011, the Court again extended the time for Attorney Cecutti to obtain, review and produce to defendants plaintiff's mental health records.  See Docket # 65.  In the November 10th Order, the Court advised that "[i]f the materials are not produced within thirty days, defense counsel may move to preclude or limit plaintiff's damage proof."  Id.

On December 12, 2011, having not yet received plaintiff's mental health records, defendants moved to dismiss the instant matter or in the alternative to preclude plaintiff "from arguing or admitting any evidence at trial pertaining to emotional damages." See Docket # 68.  Defendants argue that plaintiff's "records may have significant impact on damages, by showing a lack of psychological harm, or that any psychological harm suffered by Plaintiff as a result of time spent in prison was not attributable to this incident."  See id. at p. 4.  Defendants acknowledge that "[t]he records may have no bearing on the case at all," but assert that there is a possibility that the records "may even support

3

Defendants' case" because "Plaintiff has a substantial history of self-harm, and may have confided in the doctors that all or some of the injuries were self-inflicted."  Id.

In response to defendants' motion, Attorney Cecutti advised the Court that he "eventually received" plaintiff's records and based on his review of the records "Plaintiff now withdraws her claim for emotional damages."  See Plaintiff's Response (Docket # 76) at ¶ 6.  Attorney Cecutti further informed the Court that "Plaintiff intends to proceed solely on her claim of damages related to the physical injuries she sustained."  Id. at ¶ 7.  Attorney Cecutti advised that plaintiff's mental health records "do not contain relevant information as to the use of force" claims asserted against defendants and "there are no references of the incident in these records."  Id. at ¶ 8.  In reply in further support of their motion to dismiss, defendants maintain that they are still "entitled to an executed release to receive all Plaintiff's psychological records" even though plaintiff has withdrawn her claims for emotional damages.  See Declaration of Hillel Deutsch, Esq. (Docket # 78) at ¶ 8.

**Discussion**

"It is well settled that a party waives [her] doctor-patient privilege when [she] puts [her] medical condition into issue." Ottawa Office Integration Inc. v. FTF Bus. Sys., Inc., 132 F. Supp.

2d 215, 220 (S.D.N.Y. 2001); see also *In re* Sims, 534 F.3d 117, 132, 134 (2d Cir. 2008)(waiver is required "in the interests of fairness," so that a party cannot "use the privilege both as a shield and a sword")(internal quotation marks omitted). In any lawsuit where the plaintiff is alleging physical and emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a HIPAA-compliant "authorization for the release of [her] complete medical, pharmacy, psychiatric or psychological treatment or counseling records." Smith v. Franklin Hosp. Med. Ctr., No. 04-CV-3555(LDW)(ARL), 2005 WL 2219294, at *1 (E.D.N.Y. Sept. 13, 2005).

However, in *In re Sims*, the Second Circuit instructed "that a plaintiff does not forfeit [her] psychotherapist-patient privilege merely by asserting a claim for injuries that do not include emotional damage" and "a plaintiff does not forfeit that privilege by merely stating that [s]he suffers from a condition such as depression or anxiety for which [s]he does not seek damages." 534 F.3d at 134. The Court held that "a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting [her] psychotherapist-patient privilege." Id. Thus, a plaintiff may continue to protect the privacy of her mental health records, but only at the expense of her mental health claims that go beyond garden variety emotional distress. Id. at 142 (plaintiff withdrew "any claim to damages for mental injury or any

5

non-garden-variety emotional injury," and was not required to disclose his mental health records).

Plaintiff here has advised the Court that she formally "withdraws her claim for emotional damages" and "intends to proceed solely on her claim of damages related to the physical injuries she sustained." See Docket # 76 at ¶¶ 6-7. Defendants assert that they are entitled to plaintiff's mental health records despite the withdrawal of plaintiff's claims for emotional damages and argue that they are entitled to know "the full extent of [plaintiff's] complex psychological history" because "Plaintiff's complex psychological history contains issues relating to memory or veracity." See Declaration of Hillel Deutsch (Docket # 78) at ¶¶ 7-9. On the current record, I find the defense counsel's arguments unpersuasive as there is insufficient evidence before the Court to support the position that plaintiff's mental health records are still relevant. Though defendants argue in their Memorandum of Law that "Plaintiff has a substantial history of self-harm" and that they need her mental health records to determine whether her physical injuries were self-inflicted, such claims are made in a legal brief and are not supported by affidavit or other factual documentation. Moreover, as the Second Circuit instructed in *In re Sims*, "a party's psychotherapist-patient privilege is not overcome when his mental state is put in issue *only by a another party*." 545 F.3d at 134 (emphasis added). Since plaintiff has

6

formally withdrawn and abandoned her mental health claims for emotional injuries, she may avoid forfeiting her psychotherapist-patient privilege.  See id.  Defendants' attempt to unilaterally put her mental state in issue by asserting in a legal brief that plaintiff herself may be responsible for the injuries she suffered is insufficient to overcome her psychotherapist-patient privilege. Accordingly, the Court hereby Orders that defendants' motion to compel plaintiff's mental health records (Docket # 48) is **denied.** If defense counsel does in fact have evidence that plaintiff caused her own injuries in the claims she asserts against defendants, defendants may file a new motion to compel attaching such evidence.

### Conclusion

Defendants' motion to compel (Docket # 48) is **denied.**
**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 30, 2012
       Rochester, New York