UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRYAN WOODALL, #99-R-6078,

                                          Plaintiff,

                                                                           DECISION AND ORDER

-vs-

                                                                           08-CV-6228 CJS

CORRECTION OFFICER GARY
PRITCHARD, et al.,

                                          Defendants.

_____

       Plaintiff is a former prison inmate and Defendants were employed at Attica Correctional Facility at all relevant times. The Complaint asserts claims under 42 U.S.C. § 1983, and alleges that Defendants assaulted Plaintiff, causing him physical and emotional injuries.

       Defendants made several unsuccessful attempts to obtain records from Plaintiff concerning mental health treatment that he received after being released from prison. When Plaintiff failed to produce those records, Defendants filed the subject motion (Docket No. [#66]) for sanctions under FRCP 37. Specifically, Defendants asked the Court to dismiss the action, pursuant to FRCP 37(b)(2)(A)(v), or in the alternative, to issue an order precluding Plaintiff from pursuing a claim for emotional damages at trial, granting their request for an adverse jury instruction, and ordering Plaintiff to reimburse them for the cost of bringing the motion.

       Plaintiff's counsel responded by indicating that he was withdrawing the claim for emotional injuries. He further stated that the mental health records contain no relevant information concerning the alleged use of force by Defendants, and he offered to submit the records to the Court for *in camera* inspection. *See*, Cecutti Aff. [#76] at ¶ 8 ("[T]here are no references of the incident in these records."). As for the delay, Plaintiff's counsel

indicated that he had been delayed in receiving the records, because of Plaintiff's "transgender status." *Id*. at ¶ 5. That is, Plaintiff, whose birth name is Bryan Woodall, signed the medical authorization forms using the female name "Misty Woodall," after which the medical providers required that Plaintiff execute new release forms.

Defendants counter that Plaintiff should still have to produce the records and pay Defendants' costs in bringing the motion.

Having considered the parties' submissions and the factors relevant to a motion under FRCP 37(b)(2)(A)(v), *see, e.g., Murray v. Mitsubishi Motors of North America, Inc.*, 462 Fed.Appx. 88, 90, 2012 WL 516495 at *1 (2d Cir. Feb. 17, 2012), it is hereby

ORDERED, that Defendants' motion [#66] is granted in part and denied in part; it is granted insofar as it seeks to preclude Plaintiff from offering any evidence of emotional injury resulting from the alleged assault by Defendants, and is otherwise denied; and it is further

ORDERED that Plaintiff's claim for emotional injury is withdrawn with prejudice; and it is further

ORDERED, that to the extent that Defendants still seek production of the mental health records, they should make an appropriate application before the Honorable Jonathan W. Feldman, the United States Magistrate Judge to whom this action is referred for all non-dispositive pretrial matters.

SO ORDERED.

Dated: Rochester, New York
June 27, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge